

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 16, 1960

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. WW-802

Re: Whether the State ad valorem
tax for general revenue pur-
poses should be levied in
Calhoun County under authority
of Art. 8, Sec. 1-a, Texas
Constitution, after certain
legal obligations have been
paid

Dear Mr. Calvert:

You ask whether the State Automatic Tax Board may continue
to levy the thirty cent State ad valorem tax for general revenue
purposes in Calhoun County for the benefit of that county, under
the following facts and four Acts of the Legislature.

### Facts

All bonds of the City of Port Lavaca authorized under
the first mentioned Act (Acts 1941) may be paid in full from
monies now on hand prior to levy of any taxes for 1960.

Calhoun County has not under the authority nor within
the contemplation of the four Acts under consideration:

"incurred obligations, made commitments or
undertaken a construction or maintenance pro-
gram or has issued bonds, presently outstanding,
for the payment of or the accomplishment of which
such allocated taxes are pledged." (Acts 1947 at p.
1075).

### Legislative Acts

1. Acts 47th Legislature, 1941, ch. 485, p. 780;
2. Acts 48th Legislature, 1943, ch. 128, p. 208;
3. Acts 50th Legislature, 1947, ch. 457, p. 1071;
4. Acts 51st Legislature, 1949, ch. 309, p. 572.

This first Act donated all of the net amount of all

State ad valorem taxes for State general purposes in Calhoun County to the City of Port Lavaca as an agency of the State to build and repair seawalls, breakwaters and harbors. This first Act was amended by the second Act to give Calhoun County a portion of these taxes and to restrict the portion to be received by the City of Port Lavaca. The last two Acts amended the first two by extending the duration of the tax donation.

We have carefully considered the brief submitted on behalf of the Commissioners' Court of Calhoun County, concurrently with your request.

Our Texas Constitution, Art. 8, Sec. 1-a, in its pertinent portions, reads as follows:

"From and after January 1, 1951, no State ad valorem tax shall be levied upon any property within this State for general revenue purposes. . . . Provided that in those counties or political subdivisions or areas of the State from which tax donations have heretofore been granted, the State Automatic Tax Board shall continue to levy the full amount of the State ad valorem tax for the duration of such donation, or until all legal obligations heretofore authorized by the law granting such donation or donations shall have been fully discharged, whichever shall first occur; . . ." (underscoring added).

The only obligation which remains is that Calhoun County expend the monies it has received under these Acts in conformity with their provisions.

We believe that the sole purpose of the portion of the above quotation after its first sentence was to prevent the impairment of contracts or obligations whose discharge would require that the tax in question continue to be levied. In the absence of such an obligation it is clear that Section 1-a is a complete bar to the levy of this tax. See also Attorney General's Opinion No. V-1224 (1951).

We are of the opinion that the State Automatic Tax Board may no longer levy the State ad valorem tax for general revenue purposes in Calhoun County.

SUMMARY

Since there are no outstanding legal obligations incurred under any of the four Acts of the Legislature under consideration, the State

Automatic Tax Board may no longer levy the State ad valorem tax for general revenue purposes in Calhoun County.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _____
W. E. Allen
Assistant

WEA:lr

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Robert Lewis
Jack Goodman
John Reeves
Milton Richardson

REVIEWED FOR THE ATTORNEY GENERAL
BY:
Leonard Passmore